Samuel C. Coleman, J.
The consignee of a shipment of furs sues for the value of part of the shipment lost in transit. The furs, in nine cartons, were shipped from Seattle, Washington, consigned to the plaintiff at its place of business in New York. They were carried by air from Seattle to Newark, New Jersey, and there turned over by the air carrier to a trucking firm for delivery in New York. The trucking firm failed to deliver four of the cartons and the suit is for the value of the missing cartons. The declared value in the bill of lading was $2,650 (although the furs were worth much more than that). The consignee asks for the declared value against the air carrier and the carrier acknowledges its liability in that amount. The latter in turn asks for recovery over in a like amount against the trucking firm. The trucking firm, which insists that it received only five cartons, asserts that it has nothing to explain as to the other four. But it received nine, and whether it is a carrier or a bailee, in these circumstances it is liable to the air carrier. The air carrier is entitled to judgment over.
But the consignee also asks for judgment against the trucking firm for the full value of the missing furs; this on the ground that the trucker being negligent is responsible for the full value without regard to the limitation of liability in the bill of lading (Herd & Co. v. Krawill Mach. Corp., 359 U. S. 297; cf. Berger v. 34th St. Garage, 3 N Y 2d 701).
It is unnecessary to consider whether the principle of the Herd case conflicts with that of the Berger case, unnecessary to consider which is to prevail if there is a conflict. For the bill of lading here was a single contract of carriage, by air, to Newark and thereafter to plaintiff’s place of business, at a charge which included the charge for the delivery services in question; and by a tariff regulation in effect at the time of shipment, and incorporated in the bill of lading, the limitation of liability to the amount stated in the bill of lading limits the liability of the trucking firm. The tariff regulation is as follows:
“ Official Airfreight Buies Tariff No. 1-A, Part 3 — Terms of Transportation Buie 3.1.
*932 “(b) The Airbill, and the tariffs applicable to the shipment shall inure to the benefit of and be binding upon the shipper and consignee and the carriers by whom transportation is undertaken between the origin and destination, including destination on reconsignment or return of the shipment; and shall inure also to the benefit of any other person, firm or corporation performing for the carrier pick-up, delivery, or other ground service in connection with the shipment.
“ (c) The Airbill, and the tariffs applicable to the shipment shall apply at all times when the shipment is being handled by or for the carrier, including air transportation by the carrier and pick-up, delivery and other ground services rendered by the carrier or any other person performing for the carrier, such pick-up, delivery or ground services in connection with the shipment. ’ ’
This plainly makes the trucking firm an instrumentality of the carriage and confers upon it whatever benefits the air carrier has with respect to limitation of liability (cf. Twentieth Century Delivery Serv. v. St. Paul Fire & Mar. Ins. Co., 242 F. 2d 292). In the Herd case, “ carrier ” was said to be limited to the vessel itself, by reference to the Carriage of Goods by Sea Act and to the bill of lading. Here, as I have indicated, the services of the ground delivery instrumentality were specifically included in the tariff provisions and the charge for such services included in the bill of lading. (See the reference to the Twentieth Century Delivery Serv. decision in New York .& Honduras Rosario Min. Co. v. Riddle Airlines, 3 A D 2d 457, 463, n. 6.) It is also unnecessary to consider whether the trucking firm was an “ agent ” of the airline or a trucker performing occasional services for it; whether it was a carrier or a bailee. It was performing “ delivery or ground services” for the airline, “ in connection with the shipment.” If a decision were necessary, I should say that it was performing services ad hoc. We need not consider whether the trucker was violating the provisions of its own license from the Interstate Commerce Commission. It is here because it was performing part of the accepted responsibility of the air carrier, and by the agreement, vis-a-vis consignor and consignee, its liability is restricted. The plaintiff therefore will have judgment against the trucking firm, Click, but only to the extent of the value declared in the bill of lading, that is $2,650, with interest from December 12, 1958. There will also, of course, be judgment for the plaintiff against United Air Lines for $2,650, with interest from December 12, 1958, and judgment over in favor of United Air Lines against Click in a like amount.